HENRIETTA B. LINDAUER *vs.* NORTON C. YOUNGLOVE, impleaded, etc.

## July 28, 1891.

Mortgage—Priority of Record—Notice to Junior Mortgagee — Disclaimer of Record by Prior Mortgagee.— Plaintiff held a senior mortgage for $670; defendant a junior mortgage, which was first recorded, and which he had taken in good faith, without knowledge of plaintiff's prior rights. The records showed, in the chain of title under which the defendant claimed, a conveyance of the land, subject to a mortgage for $670 in favor of the plaintiff; but the records also showed that, subsequent to the date of the execution of that deed, the plaintiff had discharged a mortgage for that amount upon the same land, and in the certificate of discharge had declared that the mortgage so discharged was the only mortgage she held on the property, notwithstanding the record to

the contrary. No other mortgage appeared of record. *Held,* that the defendant was justified in acting upon the recorded disavowal of the existence of any other mortgage than the one discharged, and was not required to make further inquiry.

Appeal by plaintiff from so much of a judgment of the district court for Olmsted county as adjudges that as to defendant Younglove the action be dismissed upon the merits, and that his mortgage is a prior lien to that of plaintiff. The action was brought to foreclose a mortgage, the defendant Younglove being impleaded with Albert E. Samuel, Celia Lang, and William H. Lang, and was tried by *Buckham, J.*

*Chas. C. Willson,* for appellant.

*Burt W. Eaton* and *Davis, Kellogg & Severance,* for respondent.

DICKINSON, J. This is an action to foreclose a mortgage executed to the plaintiff by the defendant Albert E. Samuel, who then owned the land, on the 6th day of August, 1886, to secure the payment of the sum of $670, payable September 1, 1890. This mortgage was, however, *dated* July 26, 1886. It was not recorded until December 1, 1886. The respondent Younglove holds a later mortgage upon the same property, recorded prior to that of the plaintiff. This appeal involves the question as to which of these two mortgages is entitled to preference under the peculiar circumstances of the case.

For convenience the mortgage sought to be foreclosed, to which we have referred, may be designated as the plaintiff's second mortgage, to distinguish it from a former mortgage of the same premises to her, which we will call the plaintiff's first mortgage. The second mortgage was given as a renewal of the prior or first mortgage. The first mortgage was executed by Samuel to the plaintiff July 23, 1885, to secure the payment of $670, and was recorded later in the same year. In this mortgage it was stated that it was subject to another mortgage to the plaintiff for $670, dated June 10, 1885. In fact there never was such a mortgage, and this recital was a mistake of the person who drew the mortgage. August 6, 1886, the plaintiff executed, acknowledged, and delivered an instrument under seal, which was recorded August 9, 1886, wherein she certified that the mortgage of July 23, 1885, which is therein fully described, was fully paid and

satisfied, and she authorized it to be discharged of record. In this instrument, and in immediate connection with the description of the mortgage of July 23, 1885, thereby satisfied, is the clause: "This being the only mortgage held by me on this property, notwithstanding the record to the contrary." By this instrument the plaintiff only intended to discharge her first mortgage therein described, and to remove the doubt or correct the error involved in the recital therein of the existence of a prior mortgage. July 26, 1886, the mortgagor, Samuel, executed a warranty deed of conveyance of the property to William H. Lang, which was, however, not delivered until August 9th. It was recorded August 14, 1886. This conveyance was in terms stated to be subject to a mortgage of $670 in favor of the plaintiff, due about September 1, 1890. It was thereby intended to designate the plaintiff's second mortgage, which, however, was not actually made until August 6, 1886, but was then antedated, as above stated. August 13, 1886, the last-named grantee conveyed the premises to one James Lang, the deed being recorded on the following day. The last-named grantee mortgaged the premises to the respondent Younglove, the mortgage being recorded September 17, 1886, to secure the repayment of money then loaned by the mortgagee. It was found by the court that when Younglove took this mortgage and paid the consideration he had no knowledge or notice of the plaintiff's mortgage, or that the deed from Samuel to Lang, and plaintiff's release of her first mortgage, (with the clause referring to that as her only mortgage,) were not delivered on the days on which they were dated, or that the recital of a prior mortgage in the plaintiff's first mortgage was a mistake, or that the release was only intended to discharge that first mortgage. He had the title examined, and took his mortgage in good faith, relying upon the record, and particularly upon the statement in the release that the mortgage discharged was the only mortgage held by the plaintiff. The conclusion of the court was that the mortgage of Younglove constituted the superior lien, and this is the principal point which we are called upon to consider.

It will be seen that, although the plaintiff's second mortgage, here sought to be foreclosed, was executed before that of Younglove, the

latter was recorded long before the recording of the former, and hence, by force of the registry law, Younglove's mortgage is to be preferred, unless, from what is shown by the records, he is chargeable with constructive notice of the plaintiff's mortgage as a still existing security. By the findings it is determined that he had not actual notice. The further question is whether the records gave uch notice that he ought to have inquired as to the existence of a mortgage prior to his own.

While in the chain of title under which Younglove purchased appea.ed, in the deed to Lang, the statement that the conveyance was. subject i. a mortgage to the plaintiff of $670, yet that deed was executed on the 26th day of July, 1886, as appeared from its date and from the date of the acknowledgment. Upon its face the conveyance appeared to have been then made, although it now appears that it was not delivered until August 9th. But in fact until the 6th day of August,—11 days subsequent to the time when that deed appeared to have been made,—the mortgage in question, and to which that recital and condition are said to refer, had not been executed; and on the latter date the plaintiff embraced in her declaration of the satisfaction of her first mortgage the statement that that was the only mortgage held by her on this property. This declaration was. made in order that it might be recorded for the information of all who might be interested in the fact. And not only was this recorded, but the mortgage which the plaintiff took on the day of the executing of that declaration she withheld from record until after Younglove's rights as purchaser had intervened,—several weeks afterwards. It cannot affect the matter under consideration that the plaintiff only intended by the declaration to correct the error and remove the cloud arising from the untrue statement in her first mortgage, then released, that it was subject to a prior mortgage. The statement that the released mortgage was the only mortgage held by her, notwithstanding the record to the contrary, must be taken to have the meaning which such a declaration would naturally bear when thus made, placed on record, and allowed to remain as a continuing notice, upon which it was to be expected that subsequent purchasers might act. The apparent meaning, and that which subsequent purchasers would

naturally put upon such a recorded notice, was inconsistent with the fact of her holding another mortgage, taken on the day when this disclaimer was made, and thereafter withheld from the records.   One standing in the position of Younglove when he took his mortgage, in September, would see that a prior recorded deed in the chain of title, executed July 26th, referred to a mortgage on the property to the plaintiff for $670; but he would also discover by the record which she had caused to be made that on the 6th day of August following, she satisfied a mortgage for that amount, and at the same time acknowledged that she held no other; and there was no record of any other mortgage.   If it be said that as the record indicated or suggested the existence of another mortgage, and hence that the purchaser was put upon inquiry, to whom should such inquiry be directed, unless to the plaintiff, who is referred to as the mortgagee?   But her own disavowal, recorded for the purpose of a standing permanent notice, in connection with the fact that the records showed no existing mortgage, rendered it unnecessary for the purchaser to inquire of her.   So far as she was concerned, he might act upon the notice and information which she had thus voluntarily put forth.   Notice is therefore not to be imputed to the respondent of the plaintiff's unrecorded mortgage, and by force of the registry law his mortgage takes precedence.

The answer sufficiently alleged that the respondent became a purchaser in good faith and without notice of the plaintiff's prior rights.

Judgment affirmed.